UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURCHETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>　　　　Defendants. | CASE NO. 2:18-cv-08933 DSF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the Complaint in this case to determine whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and district courts should "dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015) (noting that "a preliminary screening" of a complaint filed by a litigant

seeking to proceed *in forma pauperis* is "required by 28 U.S.C. § 1915(e)(2)"); *O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (citing *Lopez* and discussing a district court's "mandatory duty" to dismiss an *in forma pauperis* complaint under the criteria of 28 U.S.C. § 1915(e)(2)(B)).

After careful review, the Court finds that the Complaint lacks an arguable basis in either fact or law, is in large part unintelligible or incomprehensible, and fails to state a federal claim on which relief may be granted against any defendant. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Plaintiff's assertions, which do not include clear or understandable factual support, fall far short of raising a purported right to relief beyond the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Although the Court construes a *pro se* plaintiff's pleadings liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). Further, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct." Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Further, to state a federal civil rights claim, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

Here, to the extent that the Court can discern the claims that plaintiff is purporting to raise in his complaint, it appears (perhaps among other undefined claims) that plaintiff is contending that prison guards violated plaintiff's rights under the Eighth Amendment when they allegedly beat and kicked him, as well as possibly pepper sprayed him, when he lay handcuffed. The Complaint, however, fails to set forth specific factual allegations that link actions or events to a particular named defendant. The Complaint also includes other allegations, but they are so unclear, disjointed and unintelligible that the Court cannot determine what claims plaintiff is attempting to raise against what named defendant. Accordingly, the Court finds that plaintiff's factual allegations fail to plausibly allege that the named defendants took any action, participated in the action of another, or failed to perform an action that caused a deprivation of a right guaranteed under the Constitution or a federal statute. In short, the Complaint fails to provide a simple, concise and direct statement that would allow any defendant to have fair notice of the claims against him or her and the ability to adequately respond. *See Twombly*, 550 U.S. at 555.

///

///

However, because it is not absolutely clear that the deficiencies of the Complaint cannot be cured by amendment, plaintiff is provided with an opportunity to file a Frist Amended Complaint. *See, e.g., Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted); *Lopez*, 203 F.3d at 1130 (a district court may deny leave to amend if it determines that the pleading could not possibly be cured by the allegation of other facts"). If plaintiff wishes to proceed with this action, he should set forth, "simply, concisely, and directly" the factual allegations giving rise each claim he wishes to raise. *See Johnson*, 135 S. Ct. at 347.

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than January 19, 2019, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, any amended complaint, or any attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that if plaintiff fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 12/12/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (CV-066)
               Notice of Dismissal (CV-09)